**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 4, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PORSHA PINCKEY, a/k/a Laura Young,
a/k/a Amy Maine, a/k/a Porsha Pinckney,

    Defendant - Appellant.

No. 24-1472
(D.C. No. 1:21-CR-00414-RMR-4)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **EID**, and **ROSSMAN**, Circuit Judges.
_____

Porsha Pinckey appeals the restitution order the district court imposed after she pled guilty to conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(h), (a)(1)(B)(i), 1957(a).  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

A grand jury indicted Ms. Pinckey and four other defendants for laundering money they obtained from fourteen victims through a romance fraud scheme and a

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

business email compromise scheme. Ms. Pinckey allegedly opened bank accounts and deposited checks from the victims.

Ms. Pinckey entered a plea agreement whereby she pled guilty to the sole count of the indictment. Regarding her knowledge of the underlying fraudulent scheme, she and the government stipulated:

> The conspiracy was initiated when other members of the conspiracy – not [Ms. Pinckey] – committed wire or mail fraud offenses, resulting in victims . . . being defrauded of funds through any number of schemes . . . . [Ms. Pinckey] did not participate in any of the wire or mail fraud conduct of the co-conspirators. While [Ms. Pinckey] knew at least one of the individuals . . . committing the underlying fraud schemes, the majority of individuals committing the fraud schemes were unknown to [Ms. Pinckey]. [Ms. Pinckey] maintains that she was not aware of the exact nature of the fraud schemes while the fraud was being perpetrated . . . . However, [Ms. Pinckey] agrees that she knew that the monetary transactions involved criminally derived property.

R. vol. 1 at 72. The parties further stipulated Ms. Pinckey was "responsible for losses only as it relates to . . . [two] victims," *id.* at 75 n.1, even though the indictment identified fourteen victims of the underlying conspiracy. The government maintained the amount of restitution was $102,000 for one victim and $50,000 for the other, totaling $152,000, while Ms. Pinckey reserved the right to contest these amounts at sentencing and "to dispute facts contained in this recitation of facts relating to . . . restitution." *Id.* at 81.

The probation department completed a presentence report (PSR), which calculated a near-identical[1] total restitution amount. Ms. Pinckey objected to the

---

[1] The PSR included an additional $72.54 attributable to one victim.

PSR's calculation and argued at sentencing that the court should not impose any restitution because her conduct in the conspiracy (opening bank accounts and depositing fraudulently obtained checks) did not cause the losses to the victims. The district court disagreed and held Ms. Pinckey liable for $152,072.54 in restitution.

This appeal followed.[2]

"We review de novo the district court's interpretation of the restitution statutes, review for clear error its factual findings, and review for abuse of discretion the restitution amount." *United States v. Anthony*, 942 F.3d 955, 964 (10th Cir. 2019). "A district court abuses its discretion if it orders a restitution amount based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks omitted). The restitution statute at issue here is the Mandatory Victims Restitution Act (MVRA), which requires a restitution order for any defendant convicted of Ms. Pinckey's offense of conviction "in the full amount of each victim's losses as determined by the court." 18 U.S.C. § 3664(f)(1)(A). "[A] defendant convicted of a conspiracy offense is liable in restitution for all losses that proximately result from the conspiracy itself,

---

[2] The government moved to dismiss the appeal based on the waiver of appeal rights in Ms. Pinckey's plea agreement. We denied the motion without prejudice to reraising it in the merits briefing, and the government now argues for dismissal as an alternative to affirmance. We reject this argument. The plea agreement expressly excepted from its waiver an appeal of any sentence that "exceeds the maximum sentence provided in the statute of conviction." R. at 64. This language encompasses restitution awards in the context of the MVRA. *See United States v. Williams*, 10 F.4th 965, 972 (10th Cir. 2021). And, as in *Williams*, Ms. Pinckey "has made a sufficient threshold argument that the total restitution exceeds the MVRA's limit . . . that [s]he may proceed to the merits." *Id.*

including losses attributable to coconspirators." *Anthony*, 942 F.3d at 972. So, the district court, having found the conspiracy resulted in the losses of $50,000 to one victim and $102,072.54 to another, complied with the MVRA when it held Ms. Pinckey liable for this amount.

Ms. Pinckey, though, argues that holding her liable for the full amount contravenes this court's observation in *Anthony* that "[t]o base restitution liability on a defendant's having been a coconspirator in the broad, charged conspiracy, when the evidence offered at trial shows otherwise, would contravene the bedrock principle that restitution should reflect the consequences of the defendant's own conduct." 942 F.3d at 974 (internal quotation marks omitted). But *Anthony* relied on "a variance [that] occurred between the indictment and the proof *at trial*." *Id.* (emphasis added). Specifically, the indictment in *Anthony* alleged a broad conspiracy whereas the evidence at trial proved a smaller conspiracy. Here, though, there was no trial. And because Ms. Pinckey pleaded guilty to the conspiracy charged in the indictment, there was no variance: the conspiracy of conviction was the same as the conspiracy charged in the indictment. So even if her own conduct did not cause the victims' losses, Ms. Pinckey remains liable in restitution for them because of the conduct of her coconspirators. *See id.* at 972. The district court did not abuse its discretion.

We affirm the judgment of the district court.

Entered for the Court


Allison H. Eid
Circuit Judge